IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 19-162 -10 |
| | ) Civil No. 2:21-cv-01752 |
| | ) |
| | ) ELECTRONICALLY FILED |
| KREG WILLIAMS, | ) |
| | ) |
| Defendant/Petitioner. | ) |

**MEMORANDUM ORDER**

Defendant/Petitioner, Kreg Williams ("Williams"), filed a *pro se* "Memorandum of Law in Support of Motion pursuant Rule 1 of Procedures Governing 28 U.S.C. §2255." ECF 1439. Based on the title and the contents of this *pro se* filing, this Court issued a *Miller* Notice informing Williams that he should file a "Statement of Intent" on or before March 9, 2022, wherein he would set forth his intention to either have the Court recharacterize the instant motion as a Section 2255 petition (and lose his ability to file a second or successive petitions absent certification by the Court of Appeals), or withdraw his motion, in which case he may file one all-inclusive Section 2255 petition.  See ECF 1461.  Williams did not file a Statement of Intent as this Court Ordered.

Williams' conviction and judgment was entered by this Court on August 13, 2020.  ECF 1121.  Williams did not appeal same.

Williams' instant Motion which this Court now considers to be a Motion to Vacate pursuant to section 2255, will be summarily decided, and denied, because Williams knowingly, voluntarily, and with full understanding of the consequences waived his right to file any collateral challenge to his conviction or judgment of sentence, and he fails to even allege, much

less point to facts or circumstances in support, that enforcement of the waiver in his case would work a miscarriage of justice.

A defendant's waiver of his right to appeal his sentence pursuant to a plea agreement will be upheld, as long as he does so knowingly and voluntarily and he understands the ramifications of such a waiver. *United States v. Khattak*, 273 F.3d 557, 558, 563 (3d Cir. 2001) (as a matter of first impression, waivers of right to appeal are enforceable if entered into knowingly and voluntarily, unless they work a miscarriage of justice, and waiver of appeal rights contained in plea agreement was knowing and voluntary); *United States v. Gwinnett*, 483 F.3d 200, 205 (3d Cir. 2007) (Court of Appeals will not review merits of sentencing appeal because defendant knowingly and voluntarily waived her right to appeal).

The United States Court of Appeals for the Third Circuit took the logical and inevitable next step by extending the reasoning and holding of the *Khattak* case to enforce a waiver of the right to file a motion to vacate pursuant to section 2255 or to otherwise collaterally challenge a sentence in *United States v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008).

The *Mabry* case held that a defendant's waiver of his right to collateral attack his sentence was knowing and voluntary and, therefore, could and did bar claims of ineffective assistance of counsel arising from counsel's alleged failure to file a notice of appeal as the defendant therein claimed to have requested, and that enforcing the waiver in Mr. Mabry's case would not work a miscarriage of justice. When a defendant has waived his right to assert any collateral challenges, the district court's task is: (1) to determine whether the waiver was valid and binding, specifically, whether it was knowing and voluntary, based on what actually occurred and what defendant contends should have occurred, and (2) whether enforcement of the waiver would work a miscarriage of justice. *Id.*, 536 F.3d at 244.

In determining whether the enforcement of a waiver will result in such a grave injustice, a court should consider the clarity of the error, its gravity, its character, the impact of the error on the defendant, the impact of correcting the error on the government and the extent to which the defendant acquiesced in the result.  *Id.*  A court should consider the listed factors and take a "common sense approach in determining whether a miscarriage of justice would occur if the waiver were enforced." *Id.* (quoting *Khattak*, 273 F.3d at 563).

Turing to the facts of this case, Williams pled guilty to a lesser included offense of Count 3 of the Indictment.  Specifically, he pled guilty to conspiracy to distribute 28 grams or more of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(iii) and 841(a)(1).

In pleading guilty, Williams admitted to having been involved in a conspiracy from in and around August of 2018 to in and around May of 2019, which included the distribution of cocaine base in Allegheny County.  In addition, he was identified as a member of a neighborhood-based street gang, self-titled "SCO," and was intercepted over telephones operated by Howard McFadden, confirming that Williams was involved in the distribution of cocaine base in Allegheny County.  Moreover, in conjunction with Williams' arrest, law enforcement seized three firearms, related ammunition, and magazines.  It was determined that Williams was responsible for the sale/distribution of 182 grams of cocaine base (in the form commonly known as crack), during the time frame in question.

At his change of plea hearing, held on November 19, 2019, Williams was sworn and stated, under oath, that he understood that he had to answer the Court's questions truthfully. ECF 1447, p. 2.[1]  The Court asked Williams if he understood that the maximum term of

---

[1] During his November 19, 2019 change of plea hearing, the Court asked Williams on three additional occasions if he was testifying truthfully:

imprisonment he could receive was not less than 5 years, but not more than 40 years, and Williams stated that he understood. Id., p. 9. In addition, he stated that he understood that the advisory guideline range was 63 to 78 months imprisonment. Id., p. 11.

Also during the course of this hearing, the Court determined that Defendant was competent to change his plea and noted that Williams had signed a plea agreement with the Government. ECF 1447, p. 12, 25. Williams admitted that his signature appeared on the document. Id., p. 12. The plea agreement reads in relevant part:

> Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence.

ECF 564-1. Williams admitted that he had reviewed and read the entire plea agreement with his attorney before he signed the document. ECF 1447, p. 13.

This Court confirmed with Williams that no promises other than those contained in the

---

>     THE COURT: Has anyone told you not to tell the
>     truth or to respond untruthfully to any question?
>     THE DEFENDANT: No, sir.

ECF 1447, p. 15.

>     THE COURT: Sir, in a moment I will ask you whether
>     you agree with the Government's summary of what you did, but
>     first you understand your answers may be later used against
>     you in a prosecution for perjury or making a false statement
>     if you do not answer truthfully?
>     THE DEFENDANT: Yes, sir.

Id., p. 19.

>     THE COURT: Do you understand everything I've
>     discussed with you today?
>     THE DEFENDANT: Yes.
>     THE COURT: Have you answered truthfully all the
>     questions I've asked you today?
>     THE DEFENDANT: Yes, sir.

Id., p. 24.

plea agreement were made to induce him to plead guilty. Id., p. 15. The Assistant United States Attorney summarized the terms of the plea agreement signed by Williams, and the Court highlighted the fact that the plea agreement contained a waiver of his appellate and collateral attack rights, as follows:

> THE COURT: Do you understand that in a plea agreement, you're giving up your right to appeal both the validity of your plea and the legality of your sentence with only three limited exceptions:
>
> You may file an appeal from the judgment and sentence of this Court only: one, if the United States files an appeal from the sentence; or, two, the sentence exceeds the applicable statutory limits set forth in the United States Code; or, three, the sentence unreasonably exceeds the applicable advisory guideline range under the United States Sentencing Guidelines. Understand?
>
> THE DEFENDANT: Yes, sir.
>
> \*     \*     \*
>
> THE COURT: Do you understand that you're giving up your right to appeal, including you're waiving your right to file a motion to vacate sentence under Title 28 United States Code Section 2255 except as I've stated?
>
> THE DEFENDANT: Yes, sir.

Id., p. 23-24.

Before taking Williams' plea, the Court asked Defendant if he understood everything the Court had discussed with him, and the Court again asked Williams if he had answered all the Court's question truthfully. Id., p. 24. Williams stated that he had testified truthfully. Id. Because this Court determined there was as a factual basis for Williams' plea, and that Williams knowingly and voluntarily desired to plead guilty, and the Court accepted his plea. Id. at 25.

After careful review of Williams' instant Motion, the Court finds no injustice, and

certainly no <u>manifest</u> injustice, in holding him to that waiver.  The perceived meritorious issue that Williams now asserts, specifically, that this Court lacked jurisdiction to enter judgment against Williams because there was no evidence of Williams' involvement in a conspiracy, and were among the issues he knowingly, voluntarily and intelligently waived at his change of plea hearing.  Moreover, in exchange for giving up his right to raise these and other issues, the Government agreed to allow Williams to plead to a *lesser included offense* at Count Three of the Indictment, namely, conspiracy to distribute 28 grams (as opposed to 280 grams) or more cocaine base.

Williams has failed to make sufficient allegations in his Motion to Vacate that, if proven, would overcome the presumption of veracity accorded to his Rule 11 colloquy statements that his waiver of collateral attack was knowing and voluntary.  Nor has Williams shown that a manifest injustice will result from enforcing his waiver.

For the foregoing reasons, Williams' "Memorandum of Law in Support of Motion pursuant Rule 1 of Procedures Governing 28 U.S.C. §2255," which this Court has deemed to be a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF 1439, at Criminal No. 19-0162) will be denied.

**ORDER**

AND NOW, this 31st day of March, 2022, Defendant's Memorandum of Law in Support of Motion pursuant Rule 1 of Procedures Governing 28 U.S.C. §2255, which this Court has deemed to be a Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (ECF 1439), is **DENIED**.  No certificate of appealability will issue.

BY THE COURT,

s/ Arthur J. Schwab
United States District Judge